**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JENNIFER LEA MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 07-CV-564-GKF-PJC |
| ) | |
| OTTAWA COUNTY SHERIFF'S ) | |
| DEPARTMENT, a political subdivision ) | |
| of the State of Oklahoma, and JEFFREY ) | |
| WAYNE THOMURE, II, in his individual ) | |
| capacity and as an employee of the Ottawa ) | |
| County Sheriff's Department, ) | |
| ) | |
| Defendants. ) | |

**O P I N I O N   A N D   O R D E R**

This matter comes before the court on the Motion to Dismiss filed by defendant Jeffrey Wayne Thomure, II ("Thomure") [Document No. 4] and the Motion to Dismiss filed by defendant Ottawa County Sheriff's Department (the "Sheriff's Department") [Document No. 5].

**I.   BACKGROUND**

Plaintiff Jennifer Lea Martin ("Martin") filed this case on November 23, 2005 in the District Court of Ottawa County, Oklahoma. Martin alleges that she and Thomure, a jailer at the Ottawa County Jail, engaged in oral sex on December 25, 2003, while Martin was an inmate in the jail. Martin states that at the time of the incident, a pervasive sexual environment existed in the Ottawa County Jail, and that the Sheriff's Department had received complaints of such an environment on several occasions. Martin alleges jailers provided a variety of benefits to inmates in exchange for sexual favors and sexual entertainment. In addition, Martin alleges jailers and inmates exposed themselves to each other, jailers encouraged inmates to have sexual relations with each other while

the jailers watched, and jailers released male inmates from their pods to have sexual relations with female inmates.

In her original state court Petition, Martin asserted claims against the Sheriff's Department for negligent hiring, training and supervision of its employees. Martin also asserted an intentional tort claim against Thomure.[1] The Sheriff's Department filed a motion to dismiss Martin's claims on June 7, 2006, arguing, among other things, that the Petition was not timely filed pursuant to the Oklahoma Governmental Tort Claims Act ("Tort Claims Act"), which governs the procedures and deadlines for asserting tort claims against the State of Oklahoma, its political subdivisions, and employees acting within the scope of their employment. Martin belatedly responded to the motion on December 15, 2006.

On February 15, 2007, Martin filed a motion to amend her Petition seeking to add constitutional claims, pursuant to 42 U.S.C. § 1983, based on the same sexual conduct described in the initial Petition. The Sheriff's Department responded to the motion on March 2, 2007. On March 5, 2007, Thomure filed a combined response to the motion to amend and a motion to dismiss. In his dismissal motion, Thomure argued that with respect to the claims asserted against him for actions outside the scope of his employment, Martin failed to file her Petition within the one-year statute of limitations set forth in OKLA. STAT. tit. 12 § 95(11). Subsection 11 of Title 12, Section 95, applies to lawsuits based upon acts that occurred while the plaintiff was an inmate in the custody of the State, a contractor of the State, or a political subdivision of the State.

---

[1] Martin advises the Court that Thomure was charged with two counts of first degree rape and two counts of forcible sodomy for his sexual acts with women incarcerated in the Ottawa County Jail. Thomure entered pleas of guilty to two counts of second degree rape and two counts of forcible sodomy on December 3, 2004.

On March 14, 2007, the District Judge for Ottawa County (the Honorable Robert Reavis) held a hearing on the motion to dismiss filed by the Sheriff's Department. Judge Reavis found that, under the Tort Claims Act, the deadline for Martin to commence her lawsuit was May 3, 2005. However, Martin did not commence her lawsuit until November 23, 2005. As part of the Tort Claims Act, the Oklahoma Legislature adopted and reaffirmed sovereign immunity for the State, its political subdivisions and all employees acting within the scope of their employment. This sovereign immunity may be waived only to the extent and in the manner provided by the provisions of the Act. Because Martin did not comply with the procedural requirements of the Act, the Ottawa County Court granted the motion to dismiss. The court reasoned that the Ottawa County Sheriff's Department and its officers acting within the scope of their employment retained sovereign immunity. The court entered a written order on September 24, 2007.

On June 26, 2007, Judge Reavis held a hearing on Thomure's motion to dismiss and Martin's motion to amend. In a second order dated September 24, 2007, the court determined that Martin's remaining claims against Thomure were subject to the one year statute of limitations prescribed by 12 O.S. § 95(11) because she complained of acts that occurred while she was detained in the Ottawa County Jail. Because the Petition was filed more than one year after the alleged incident occurred, the court granted Thomure's motion to dismiss.

In the same order, Judge Reavis granted Martin's motion to amend her Petition to add claims arising under 42 U.S.C. § 1983. The court found that the Section 1983 claims arose out of the same conduct, transaction or occurrence set forth in Martin's initial pleading and ordered that the amendment relate back to the filing date of the original Petition (November 23, 2005).

Martin filed her Amended Petition on September 24, 2007. The Amended Complaint contains the same factual allegations as those in the original Petition. While the causes of action are not clearly stated, the Amended Petition re-alleges that the Sheriff's department was negligent in its hiring, supervision and training of employees, and that Thomure forcibly sodomized Martin. The Amended Petition also contains new claims that Martin has been deprived of her civil rights as guaranteed by Oklahoma and Federal statutes, and the Oklahoma and Federal Constitutions, including her rights to due process and equal protection of the laws, and her right to be free from cruel and unusual punishment.

On October 4, 2007, the defendants removed the case to this Court. Days later, the defendants filed the present motions to dismiss arguing that: (1) Martin's state law claims – whether common law, statutory or constitutional – are barred by the statute of limitations, as previously determined by the District Court of Ottawa County; (2) Martin's federal claims are also barred by the statute of limitations; and (3) Martin's failure to comply with the statute of limitations cannot be cured by "relation back" to the original state court Petition. The Sheriff's Department also contends (4) it is not subject to suit because a sheriff's department is not among the entities mandated by the Legislature to constitute a "political subdivision" within the Tort Claims Act.

## II.  DISCUSSION

### A. State law claims

To the extent Martin attempts to assert or re-assert any state law claims, such claims are dismissed. The District Court for Ottawa County previously determined that Martin's tort claims were time-barred by the Tort Claims Act and 12 O.S. § 95(11). This Court agrees with the Ottawa

County Court and concludes that the same reasoning is applicable to Martin's state constitutional claims.

State law claims premised on a violation of state constitutional rights fall within the ambit of the Tort Claims Act. *See* 51 O.S. § 152 (defining a "tort" as "a legal wrong, independent of contract, involving violation of a duty imposed by general law or otherwise, resulting in a loss to any person. . . as the proximate result of an act or omission of a political subdivision or the state or an employee acting within the scope of employment."); *see also Wirtz v. Glanz*, 932 P.2d 540 (Okla. Civ. App. 1996)(state law claims premised on deprivation of constitutional rights fall within the Tort Claims Act), abrogated on other grounds by *Pelligrino v. State of Oklahoma*, 63 P.3d 535 (Okla. 2003). As determined by the Ottawa County Court, Martin did not file her lawsuit within the statute of limitations imposed by the Tort Claims Act. Because Martin failed to comply with the time limits of the Act, her claims that fall within its purview should be dismissed.

To the extent the Tort Claims Act does not apply to any of Martin's state law claims, such as the claims asserted against Thomure for acts outside the scope of his employment, Martin's claims are nonetheless barred by the one-year statute of limitations prescribed by 12 O.S. §95(11). As noted by the Ottawa County Court, Martin complains exclusively of conduct that occurred while she was an inmate in the Ottawa County Jail. Accordingly, the claims are time-barred.

Although the Court concludes that all the state law claims are untimely, it should be noted that the Ottawa County Court did not permit Martin to assert any additional state law claims in her Amended Petition. Rather, she was allowed to add claims arising under 42 U.S.C. § 1983. To invoke a remedy provided by Section 1983, Martin must establish a violation of a federal right. *New York State Federation of Taxi Drivers, Inc. v. City of New York*, 270 F.Supp.2d 340 (E.D.N.Y.

2003); *see also Nabozny v. NCS Pearson, Inc.*, 270 F.Supp.2d 1201 (D. Nev. 2003) (The essence of § 1983 is to authorize a court to grant relief when a party's federally protected rights have been violated by a state or local official). Perhaps in light of this, Martin does not dispute that her state law claims are subject to dismissal. Martin's opposition to the defendants' motions to dismiss instead focuses on the viability of her federal law claims discussed below.

### B. Section 1983 Claims

No statute of limitations is expressly provided for civil rights claims brought under 42 U.S.C. § 1983. *Garcia v. Wilson*, 731 F.2d 640, 642 (10th Cir. 1984) (en banc). As such, courts should look to the most analogous limitations period provided by state law. *Id; Abbit v. Franklin,* 731 F.2d 661, 663 (10th Cir. 1984) (en banc). In determining the statue of limitations for claims brought pursuant to Section 1983, the Tenth Circuit Court of Appeals stated that courts should apply the state's limitation period applicable to an action for personal injury. *Garcia*, 731 F.2d at 651. The U.S. Supreme Court later affirmed the *Garcia* decision, holding that "Section 1983 claims are best characterized [for statute of limitation purposes] as personal injury actions." *Wilson v. Garcia*, 471 U.S. 261, 280, 105 S. Ct. 1938, 1949, 85 L. Ed. 2d 254 (1985). In Oklahoma, the appropriate statute is 12 O.S. § 95, which provides a two-year limitation period for actions for injury to the rights of others. *Meade v. Grubbs,* 841 F.2d 1512 (10th Cir. 1988); *Abbitt*, 731 F.2d at 661; *Jackson v. Girder*, 691 P.2d 468, 472 (Okla. Civ. App. 1984).

The parties agree that Martin's Section 1983 claims are held to a two-year statute of limitations. It is also undisputed that the alleged sexual misconduct, which is the subject of this lawsuit, occurred on December 25, 2003, and that Martin's Section 1983 claims were brought more than three years later by way of the Amended Petition filed September 24, 2007. To overcome the

fact that the Section 1983 claims were filed outside the two-year statute of limitations, Martin argues that the claims should relate back to the date of the filing of the original Petition on November 23, 2005, because the new claims arise out of the same conduct and factual occurrences as those pled in the original Petition. The District Court of Ottawa County agreed with Martin and held that the Amended Petition should relate back. However, the Ottawa County order is not beyond review of this Court. *See* 28 U.S.C. § 1450 (orders entered in action prior to removal shall remain in full force and effect until dissolved or modified by the district court); 14C Wright, Miller & Cooper, § 3738.

Rule 15(c)(2)[2] provides that "[a]n amendment of a pleading relates back to the date of the original pleading when. . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." The defendants argue that Rule 15's relation back doctrine applies only if the original pleading was timely filed. For this proposition the defendants rely almost exclusively on cases from the Seventh Circuit, which appears to be the only Circuit in which this issue has been developed. The parties have not presented any directly applicable caselaw from the Tenth Circuit Court of Appeals or district courts within the Tenth Circuit; nor has the Court uncovered any such decisions. The pertinent cases from the Seventh Circuit are discussed below.

In *Williams v. Lampe*, 399 F.3d 867 (7th Cir. 2005), the plaintiff, Eulah Williams, filed a complaint in Illinois state court alleging state law tort claims against the Village of Cahokia, Illinois, and a Cahokia police officer for injuries sustained as a result of the officer dragging her down stairs at the police station. The defendants moved to dismiss the complaint on the ground that the claims

---

[2] Upon amendments effective December 1, 2007, the rule is now codified as Rule 15(c)(1)(B). The Court applies the language of the rule in effect at the time Martin filed her Amended Petition. The recent changes were stylistic only. *See* Advisory Committee Notes to 2007 Amendments.

were barred by the statute of limitations. With leave of court, Williams filed an amended complaint based on the same events, but asserting a new claim under 42 U.S.C. § 1983. The defendants removed the case to federal court and then moved to dismiss, arguing that all of the claims were time-barred. The district court held that Williams' claims were time-barred and dismissed the case. 399 F.3d at 869.

On appeal, the Seventh Circuit Court of Appeals ruled that Williams' Section 1983 claim did not relate back to her original complaint, stating: "In order to benefit from Fed.R.Civ.P. 15(c)'s 'relation back' doctrine, the original complaint must have been timely filed." *Id.* at 870, citing *Henderson v. Bolanda*, 253 F.3d 928, 931-32 (7th Cir. 2001). "Thus, even though Williams' § 1983 claim arises from the same incident as her tort claims, and even though her original complaint was filed within [the two year statute of limitations for § 1983 claims], her § 1983 was time-barred because the tort claims were not timely filed." 399 F. 3d at 870.

The *Williams* court relied primarily upon an earlier decision by the Seventh Circuit Court of Appeals, *Henderson*, which also involved a plaintiff who filed an amended complaint in order to add a Section 1983 claim. 253 F.3d 928. The amended complaint was based on the same events described in the plaintiff's original complaint. The defendant filed a motion to dismiss, claiming the amended complaint was barred by the statute of limitations. The district court held that the amended complaint was untimely and could not relate back to the date of the original complaint because the original complaint itself was also untimely.

The Court of Appeals agreed. The court stated that generally, an amended complaint will relate back to the filing of the original complaint if "the factual situation upon which the action depends remains the same and has been brought to defendant's attention by the original pleading."

253 F.3d at 931 (citations omitted).  However, "[a]n amended complaint does not relate back to the filing of the original complaint if the original complaint, itself, was filed after the expiration of the statute of limitations." *Id.* (citing 51 Am.Jur.2d Limitation of Actions § 263 (2000)).

The *Henderson* court concluded:

> The prior complaint, having been itself filed after the expiration of the one-year statute of limitations for the claims which it contained, was a nullity.  That complaint cannot then act as a life-line for a later complaint filed after the two-year statute of limitations for the claims which it contained.

253 F.3d at 932 (citing *Benjamin v. Katten, Muchin & Zavis*, 1998 WL 25757 (N.D. Ill., Jan. 12, 1998); *Papenthien v. Papenthien*, 16 F. Supp. 2d 1235, 1241 (S.D. Cal. 1998); *Bailey v. Northern Indiana Public Serv. Co.*, 9110 F.2d 406, 413 (7th Cir. 1990) (internal quotations omitted)). In *Papenthien*, *supra*, the District Court for the Southern District of California stated that "[i]t strains reason to argue that one untimely complaint can be saved by relating back to another untimely complaint." 16 F. Supp. 2d at 1240-41.  "[I]t simply makes no sense to hold that a complaint that was dead on arrival can breathe life into another complaint." *Id.* at 1241.

The *Henderson* court also noted that Rule 15(c)(1)[3] allows relation back if permitted by the state law that provides the applicable statute of limitations.  If state law "affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim." *Henderson*, 253 F.3d at 932 (quoting Fed. R. Civ. P. 15(c)(1), commentary to the 1991 Amendment).  In addition, some courts have held that state law controls if the amendment is made before the case is removed to federal court.  *See McConnell v. Thomson Newspapers, Inc.*, 802 F. Supp. 1484, 1497 (E.D. Tex. 1992); *Pacific Employer Ins. Co. v. Sav A Lot*, 291 F.3d 392, 399-400

---

[3] Now codified as Rule 15(c)(1)(A).

(6th Cir. 2002). It is therefore appropriate to consider the relation back doctrine under Oklahoma law as well.

The Oklahoma Supreme Court has stated that Oklahoma's relation back doctrine, codified at 12 O.S. § 2015(C), "is virtually identical to Rule 15(c) of the Federal Rules of Civil Procedure." *Pan v. Bane*, 141 P.3d 555, 559 (Okla. 2006). Because the Oklahoma Pleading Code is based on the Federal Rules of Civil Procedure, Oklahoma courts rely on federal authority for guidance as to the construction of corresponding sections of the Oklahoma statutes. *Id.* at 558-59. Oklahoma has expressly adopted the construction placed upon Rule 15(c) by the federal courts. *Id.* at 559 (citing *Dotson v. Rainbolt*, 894 P.2d 1109, 1113 (Okla. 1995); *Prough v. Edinger, Inc.*, 862 P.2d 71, 74 (Okla. 1993)).

Thus, Oklahoma law on relation back is the same as that of federal law, and Oklahoma will follow the federal courts' construction of Rule 15(c). In this regard, there is no reason why Oklahoma would not adopt the same construction of Rule 15(c) as that embraced by the Seventh Circuit. Martin has not pointed to any Oklahoma cases allowing an untimely claim asserted in an amended pleading to relate back to an earlier pleading that is also untimely.

Finally, while the parties have adduced no opinions from the Tenth Circuit concerning the precise issue presented here, the defendants point out that the Tenth Circuit Court of Appeals has held – in the context of habeas corpus relief – that Rule 15(c)'s relation back doctrine applies "*if and only if* the original [28 U.S.C. § 2255] motion was timely filed." *Woodward v. Williams*, 263 F.3d 1135, 1142 (10th Cir. 2001) (emphasis in original) (quoting *United States v. Espinoza-Saenz*, 235 F.3d 501, 505 (10th Cir. 2000); *see also Buchanan v. Lamarque*, 121 Fed. Appx. 303, 315 (10th Cir. 2005) (unpublished); *Behrens v. Gibson*, 4 Fed. Appx. 571, 574 (10th Cir. 2001) (unpublished);

*Mayle v. Felix,* 545 U.S. 644, 657 (2005) (in the habeas context, "relation back [is permissible] only when the claims added by amendment arise from the same core facts as the timely filed claims").[4]

Martin argues that the Seventh Circuit cases relied upon by the defendants have never been cited by courts in this Circuit or our appellate court. Indeed, those decisions are not binding upon this Court whatsoever. However, Martin has not discovered any decisions in which a court allowed a plaintiff to save an untimely filed claim by relating back to a pleading that was also untimely. This Court concludes that the reasoning of *Williams*, *Henderson,* and the Tenth Circuit habeas cases should be applied in this case. Rule 15(c)'s relation back doctrine should apply only if the original pleading to which the party seeks amendment was timely filed. A stale claim cannot circumvent the statute of limitations by attaching onto another untimely, but earlier filed, claim.

The purpose of the "relation back" doctrine is to allow cases to be tried upon the merits rather than upon hyper-technical pleading defects. *Foman v. Davis*, 371 U.S. 178 (1962). However, this case presents more than hyper-technical pleading deficiencies, such as the misidentification of a party or the unsuccessful attempt to state a claim for relief or defense. The original and amended pleadings were not timely filed. As the Seventh Circuit stated in *Henderson*, "ignoring deadlines

---

[4] Habeas corpus proceedings are characterized as civil in nature, *see, e.g., Fisher v. Baker*, 203 U.S. 174, 181, 27 S.Ct. 135, 51 L.Ed. 142 (1906), and Rule 15 is made applicable to habeas proceedings by 28 U.S.C. § 2242, Federal Rule of Civil Procedure 81(a)(2), and Habeas Corpus Rule 11. *Mayle,* 545 U.S. at 655. However, habeas proceedings differ from traditional civil proceedings. As recognized by the U.S. Supreme Court, a habeas petition "is more demanding" than a complaint in an ordinary civil case. *Id.* Under Rule 8(a), an ordinary civil complaint need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Habeas Corpus Rule 2(c) provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." *Mayle,* 545 U.S. at 655 (citing Advisory Committee's Note on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts. [But] it is the relationship of the facts to the claim asserted that is important..."); Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 ("'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error."). The parties have not briefed whether this distinction is significant to the present Rule 15(c) analysis.

is the surest way to lose a case. Time limits coordinate and expedite a complex process; they pervade the legal system, starting with the statute of limitations. Extended disregard of time limits. . . is ruinous." 253 F.3d at 933.

**WHEREFORE**, the Motion to Dismiss filed by defendant Jeffrey Wayne Thomure, II [Document No. 4] and the Motion to Dismiss filed by defendant Ottawa County Sheriff's Department [Document No. 5] are hereby granted.[5]

**IT IS SO ORDERED** this 13th day of June 2008.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma

---

[5] Because the Court holds that the Amended Petition does not relate back to the filing of the original Petition, there is no need to address the argument of the Sheriff's Department that it is not subject to suit.